*United States v. Lawrence Brown*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand nineteen.

PRESENT:  JON O. NEWMAN,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

United States of America,

      *Appellee,*

      v.                      No. 18-434

Lawrence Brown,

      *Defendant-Appellant.*

_____

For Appellant:                JOHN S. WALLENSTEIN, Garden City, NY

For Appellee:                ALLISON NICHOLS, Assistant United States Attorney (Anden Chow, Daniel B. Tehrani, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court as to the convictions is **AFFIRMED.**

Defendant-Appellant Lawrence Brown appeals from a judgment of conviction on two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and two counts of robbery, in violation of 18 U.S.C. § 1951. Brown also appeals the substantive reasonableness of his aggregate sentence of 39 years' imprisonment, which includes concurrent terms of 84-months for the two robbery offenses and consecutive terms of 7 and 25 years, respectively, for the two firearm offenses.[1] At trial the government presented evidence that Brown robbed a Rite-Aid pharmacy and a ShopRite grocery store at gunpoint and tied the hands of employees in both locations with zip ties before departing with a blue plastic grocery bag filled with the robbery proceeds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Brown first argues that the six-person photographic array shown to an eyewitness of the ShopRite robbery was unduly suggestive and that the district court erred in denying his motion to suppress the photo identification evidence and in failing to conduct an evidentiary hearing on his suppression motion. "We review a district court's determination of the admissibility of identification evidence for clear error, and the decision not to hold an evidentiary hearing for abuse of discretion." *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001) (internal citations

---

[1] In a separate opinion filed concurrently with this summary order, we remand the case for resentencing.

2

omitted). "We will exclude a pre-trial identification only if the procedure that produced the identification is so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law." *United States v. Bautista*, 23 F.3d 726, 729 (2d Cir. 1994) (internal quotation marks and alterations omitted).

As the district court correctly found, Brown has identified no disputed issue of fact regarding the validity of the identification procedure. Prior to trial the government submitted an affidavit by the detective who conducted the procedure, which asserted, *inter alia*, that he "did not draw attention to, comment on, or otherwise make suggestions about, any of the photos," and that he "stood behind [the witness] and remained silent." App. 112–13. On that record there is no basis to find the district court abused its discretion in failing to conduct a hearing on whether the identification procedure was unduly suggestive.

In the absence of any showing that the procedures were tainted, the remaining "question is whether the picture of the accused, . . . so stood out from all of the other photographs as to 'suggest to an identifying witness that [that person] was more likely to be the culprit.'" *United States v. Thai*, 29 F.3d 785, 808 (2d Cir. 1994) (quoting *Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir. 1986)). This Court "may review the photographic array itself to assess its fairness." *United States v. Douglas*, 525 F.3d 225, 242 (2d Cir. 2008).

Brown argues that the district court clearly erred in concluding that the photo array was not unduly suggestive because the lighting in Brown's photograph drew attention to his face, rendering the photo distinctive from the photographs of the five other men comprising the array. Having reviewed the photographic array, we conclude that the district court did not clearly err when it observed that "[w]hile there are some minor differences in lighting, this single difference does not

3

render the array suggestive." App. 126. As the district court explained, "[t]he photographs depict only faces and shoulders, all depict men with medium to dark skin, with little or no head hair, wearing the same orange collar and white shirt, and similar patterns and amounts of facial hair." *Id.*; *see Bautista*, 23 F.3d at 731 (recognizing that the defendant's photo was "slightly brighter and slightly more close-up than the others" but rejecting notion that these differences rendered the array suggestive when "[e]ach photograph depict[ed] a man in a frontal mug-shot," "[e]ach [was] in color," "[e]ach of the men depicted [was] of roughly the same age and coloring" and "each of the men depicted sport[ed] a moustache"). We therefore find no clear error in the admission of the identification evidence.

Brown next argues that the evidence at trial was insufficient to establish that he was the robber in each of the two robberies and that the Rite-Aid robber brandished a real firearm. "A defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011). "We review *de novo*" such a challenge and will "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. McGinn*, 787 F.3d 116, 122 (2d Cir. 2015) (internal quotation marks omitted).

Brown's challenge to his identification as the robber of the ShopRite due to the tainted photo array fails for the reasons already discussed. He also asserts that there was insufficient evidence to establish his identity as the robber of the Rite-Aid because the two eyewitnesses to that robbery did not describe him or identify him in their testimony. This argument ignores the other evidence presented at trial showing that Brown's DNA was recovered from a zip tie at the

4

Rite-Aid and video surveillance footage of both robberies. "Viewing this evidence in its totality, and in the light most favorable to the government," we conclude that the evidence was sufficient for a rational jury to find that Brown was the robber of the Rite-Aid. *Id.* at 124.

Brown contends that the Rite-Aid manager's testimony that the robber brandished a "black gun" was insufficient to establish that the robber possessed a real firearm. This Court has held that the "mere possibility" that a firearm observed by a witness could be "a sophisticated toy or other facsimile does not necessarily create a reasonable doubt, nor is the government required to disprove that theoretical possibility." *United States v. Jones*, 16 F.3d 487, 491 (2d Cir. 1994); *see also United States v. Castillo*, 924 F.2d 1227, 1230 (2d Cir. 1991) (same). Rather, it is "for the jury to weigh the evidence and determine whether the government met its burden of demonstrating that [Brown] possessed a 'firearm.'" *Jones*, 16 F.3d at 491. In addition to the Rite-Aid manager's testimony, which the jury was entitled to credit, *see id.* at 490–91, the government also presented testimony by a ShopRite eyewitness familiar with firearms, who indicated that the ShopRite robber brandished a black snub-nose revolver with a brown handle. Given the similar *modus operandi* of the two robberies and the films of the robberies, it was reasonable for the jury to conclude that the same firearm was used during the commission of both crimes.

We have considered all of Brown's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court as to Brown's convictions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5